# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ROBERT PEAVIE,<br>　　Petitioner, | Case No. 1:12-cv-14 |
| | Bertelsman, J. |
| vs. | Litkovitz, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>　　Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's motion to dismiss, and petitioner's response in opposition. (Docs. 1, 5, 7).

## I. PROCEDURAL HISTORY

### State Trial and Appellate Proceedings

On November 12, 2010, the Hamilton County, Ohio grand jury returned an indictment charging petitioner with three counts of rape, in violation of Ohio Rev. Code § 2907.02(A)(1)(b). (Doc. 5, Ex. 1). Petitioner initially entered a plea of not guilty to the charges. (*See* Doc. 5, Ex. 2). On April 5, 2011, petitioner withdrew his not guilty plea and entered a guilty plea to one count of rape and one count of gross sexual imposition. *Id.* On April 14, 2011, the trial court accepted the plea and sentenced petitioner to an aggregate sentence of fifteen years of imprisonment in the Ohio Department of Corrections. (Doc. 5, Ex. 3).

On June 21, 2011, petitioner filed a pro se notice of appeal to the Ohio Court of Appeals in Case Number C-1100367. (Doc. 5, Ex. 5). Petitioner did not file an accompanying appellate brief specifying his alleged assignments of error. On July 7, 2011, the Ohio appellate court

dismissed the appeal, finding that the appeal was untimely filed and that there was an agreed sentence.[1] (Doc. 5, Ex. 6).

## Delayed Appeal

On June 24, 2011, three days after filing his direct appeal, petitioner filed a motion for leave to file a delayed appeal in Case Number C-1100388. (Doc. 8, Ex. 10). Therein, petitioner claimed he failed to file a timely appeal because his attorney neglected to file an appeal on his behalf. *Id.* at 4. In his supporting memorandum petitioner raised the following assignment of error:

> Because Ohio has opted to act in a field where its action has significant discretionary elements, it must act in accord with the dictates of the Constitution.

*Id.* at 2. On July 20, 2011, the Ohio appeals court overruled petitioner's motion for leave to appeal, finding that petitioner "failed to provide sufficient reasons for failure to perfect an appeal as of right." (Doc. 8, Ex. 12). Petitioner did not appeal to the Ohio Supreme Court from the denial of his delayed appeal.

## Ohio Supreme Court

On August 2, 2011, petitioner filed a pro se notice of appeal to the Ohio Supreme Court from the Ohio Court of Appeals' July 7, 2011 dismissal of his direct appeal in Case Number C-1100367. (Doc. 5, Ex. 7). His memorandum in support of jurisdiction was identical to the memorandum presented in his delayed appeal, including the following assignment of error:

> Because Ohio has opted to act in a field where its action has significant discretionary elements, it must act in accord with the dictates of the Constitution.

---

[1] Ohio Rev. Code 2953.08(D) provides that a sentence imposed upon a defendant is not subject to review on appeal "if the sentence is authorized by law, has been recommended jointly by the defendant the prosecution in the case, and is imposed by a sentencing judge."

2

(Doc. 5, Ex. 8, p. 3). On November 16, 2011, the Ohio Supreme Court denied leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (Doc. 8, Ex. 9).

### Federal Habeas Corpus

Petitioner commenced the instant federal habeas corpus action on January 6, 2012. (Doc. 1). Petitioner raises two grounds for relief in his petition. In Ground One, petitioner claims that he is being held under void commitment papers. In Ground Two, he contends his judgment was void. *Id.*

Respondent opposes the petition. (Doc. 5). In the return of writ, respondent contends that petitioner procedurally defaulted and waived his grounds for relief by failing to present the claims to the Ohio courts. *Id.* at 4-7.

## II. RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED

As noted above, petitioner raises two claims in his petition. In Ground One, under the heading void commitment papers, petitioner raises several claims. Petitioner contends that he was improperly charged with three counts of rape in his indictment, that his plea was involuntary, that he is innocent, and that the charge of gross sexual imposition was not charged in his indictment and illegally added to his judgment entry. (*See* Doc. 1, Ground One Attachment p. 1). In Ground Two, petitioner claims his judgment was void. Under this heading, petitioner again claims that the trial court illegally added the charge of gross sexual imposition and that his plea was involuntary. He also claims that his judgment entry failed to include a

3

time-stamp of journalization as required by Ohio Criminal Rule 32(c) and 32(b). *Id.* at Ground Two Attachment pp. 1-3.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled under the procedural default doctrine that the default of a federal claim in the state court may preclude federal habeas review if the state court judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris,* 489 U.S. at 260-62. The Supreme Court has stated:

4

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner fails to comply with a state procedural rule that required him to have done something at trial to preserve the issue for appellate review. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

The Sixth Circuit applies a four-part test to determine if a claim is procedurally defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must determine whether the state courts actually enforced the state procedural sanction; (3) it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

In the usual case, the adequate and independent state ground doctrine will not apply to bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar. *Harris*, 489 U.S. at 263; *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).[2] In

---

[2] In *Harris*, the Supreme Court noted that the rule requiring that the state court plainly state that its judgment rests on a state procedural default "applies only when a state court has been presented with the federal claim" raised by the state prisoner as a ground for federal habeas relief. *Harris*, 489 U.S. at 263 n.9; *see also Teague v. Lane*, 489

5

cases where the last state court to render a reasoned opinion explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991).

In addition, the rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the courts is deemed "adequate" or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir. 2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (per curiam); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992); *see also Rideau v. Russell,* 342 F. App'x 998, 1002 (6th Cir. 2009). To be considered regularly followed, a procedural rule need not be applied in every relevant case, but rather "[i]n the vast majority of cases." *Dugger v. Adams,* 489 U.S. 401, 410 n.6 (1989); *see also Byrd v. Collins,* 209 F.3d 486, 521 (6th Cir. 2000).

Finally, the state court's adequate and independent finding of procedural default will preclude habeas corpus review of the petitioner's federal claims unless the petitioner can show "cause" for the default and "actual prejudice" as a result of the alleged violations of federal law, or that failure to consider the federal claims will result in a "fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750; *Harris,* 489 U.S. at 262; *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

---

U.S. 288, 299 (1989) (plurality opinion) ("The rule announced in *Harris* . . . assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). The *Harris* Court further noted: "Of course, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Harris,* 489 U.S. at 263 n.9.

As an initial matter, petitioner contends that his claims cannot be procedurally defaulted because his conviction and sentence violate the Act of Congress under the 25th Section of the Act of 1789. (*See* Doc. 7, pp. 1-2). According to petitioner, "no claims are procedurally defaulted when claiming the 25th Section of the Act of 1789 wholly under the Act of Congress." *Id.* at 2. However, as the Court noted in *Morgan v. Robinson*, No. 3:12-cv-254, 2012 WL 3114894, at *1 (S.D. Ohio July 31, 2012) (Merz, M.J.) (Report and Recommendation), *adopted* (S.D. Ohio August 10, 2012) (Rose, J.), petitioner's claim is without merit:

> [Petitioner] apparently believes he can avoid the exhaustion doctrine, the procedural default doctrine, and the statute of limitations (which was fatal to his prior case) by pleading that he brings his case solely under "the 25th section of the Judiciary Act of 1789 wholly under the Act of Congress. No claims are time barred or procedurally defaulted nor do [sic] a defendant has to exhaust state remedies when claiming under the 25th section of the Judiciary Act of 1789. Again, wholly under the Act of Congress." (Petition, Doc. No. 1, PageID 5). Title 28 of the United States Code was enacted as positive law by the Act of June 25, 1948, thereby repealing prior law dealing with the subject matter of the Judicial Code. Thus the Judiciary Act of 1789 is no longer law in the United States. In any event, § 25 of the Judiciary Act of 1789 conferred jurisdiction on the Supreme Court, and not on the district courts; even if it were still the law, it would not support jurisdiction of this Court over this case.

*Id.*; *see also Tackett v. Warden*, Case No. 1:11-cv-450, 2012 WL 3023260, at *2 (S.D. Ohio July 24, 2012) (rejecting petitioner's contention that his claims were not time-barred because they could be reviewed under the 25th Section of the Judiciary Act of 1789).

In this case, petitioner procedurally defaulted the claims raised in his habeas petition by failing to present the claims to the Ohio courts. Petitioner failed to present any of the claims raised in the instant petition on direct appeal or in his motion for delayed appeal. Petitioner's June 21, 2011 notice of appeal, which was dismissed in part as being untimely, did not include an appellate brief or otherwise specify any grounds for the appeal. (*See* Doc. 5, Ex. 5).

7

Petitioner likewise failed to raise any of the claims presented in the instant petition in his appeal to the Ohio Supreme Court. Instead, petitioner argued that the Court of Appeals abused its discretion in dismissing his appeal. (*See* Doc. 5, Ex. 8). Finally, petitioner did not raise any of the claims in his habeas petition in connection with his motion for delayed appeal. (*See* Doc. 5, Ex. 10). Petitioner is thus barred from raising his claims in the Ohio courts because he had the previous opportunity to present such claims during his direct appeal and failed to do so, thereby waiving such issue under state procedural law.[3] *See Lordi v. Ishee*, 384 F.3d at 194, citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see also Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001). This is an adequate and independent state ground which forecloses this Court's review of the federal constitutional claims therein in the absence of a showing of cause and prejudice. *Id.*

Petitioner has not demonstrated cause for his procedural default. On appeal to the Ohio Supreme Court and in his motion for delayed appeal to the Ohio Court of Appeals petitioner argued that he "[t]old trial counsel to file timely appeal on [his] behalf, but counsel failed to do so, therefore fault lies with counsel." (Doc. 5, Ex. 8, p. 7; Ex. 10, p. 4). Ineffective assistance of counsel may constitute cause excusing a default. *See, e.g., Murray,* 477 U.S. at 488; *Goodwin v. Johnson,* 632 F.3d 301, 315-16 (6th Cir. 2011). However, in order to constitute "cause," the ineffective assistance of counsel claim itself must not be procedurally defaulted. *See, e.g., Edwards v. Carpenter,* 529 U.S. 446, 452 (2000); *Taylor v. McKee,* 649 F.3d 446, 451 (6th Cir. 2011); *Landrum v. Mitchell,* 625 F.3d 905, 934 (6th Cir.2010).

---

[3] "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 226 N.E.2d 104, 106 (1967)(syllabus).

In this case, petitioner procedurally defaulted his ineffective assistance of counsel claim by failing to fairly present the claim to the Ohio Supreme Court. As noted above, petitioner raised trial counsel's alleged ineffectiveness in his motion for leave to file a delayed appeal in the Ohio Court of Appeals. However, petitioner did not appeal from the Ohio Court of Appeals' denial of his delayed appeal to the Ohio Supreme Court. Therefore, petitioner defaulted the claim by failing to present his claims through the requisite levels of appellate review and, consequently, failed to provide the Ohio Supreme Court with an opportunity to address the alleged error.

Although petitioner did allege that counsel failed to file an appeal on his behalf in his appeal to the Ohio Supreme Court from the denial of his direct appeal, petitioner did not fairly present the claim because the claim was not properly before the court.[4] The Ohio Supreme Court lacks jurisdiction to consider constitutional issues that were not raised to or considered by the intermediate appellate court. *See* Ohio Const. art. IV, § 2(B)(2); *State v. Jones,* 211 N.E.2d 198 (Ohio 1965); *see also Rigdon v. Ohio Adult Parole Authority,* No. 1:08-cv-716, 2010 WL 3910236, at *9 (S.D. Ohio July 7, 2010) (Wehrman, M.J.) (Report & Recommendation) (citing *Leroy,* 757 F.2d at 99; *Fornash v. Marshall,* 686 F.2d 1179, 1185 n.7 (6th Cir. 1982)), *adopted,* 2010 WL 3910230 (S.D. Ohio Oct. 4, 2010) (Dlott, J.); *Harsh v. Warden, Chillicothe Corr. Inst.,* No. 1:08-cv-433, 2009 WL 3378246, at *1, *9 n.8 (S.D. Ohio Oct. 15, 2009) (and cases cited therein). *Cf. Mayes v. Hudson,* No. 1:07-cv-315, 2010 WL 55963, at *9 & n.1 (N.D. Ohio Jan.4,

---

[4] It appears that petitioner tried to appeal the denial of his delayed appeal in his appeal to the Ohio Supreme Court. In his memorandum he indicated that "Defendant sought out how to appeal his case after the time limit had passed, and did file a delayed appeal pursuant to App. R. 5(A) in the first District Court of Appeal[s]. That court denied his request and this appeal follows." (Doc. 5, Ex. 8, p. 4). However, petitioner filed his appeal from the Ohio Court of Appeals' decision in Case Number C-1100367 (direct appeal) and not C-1100388 (delayed appeal). *See id.* at 1.

2010) (emphasizing that "[e]ven if [the] memorandum in support of jurisdiction in the Ohio Supreme Court could be read as having raised the claim . . . , [the petitioner's] failure to raise that claim in the appellate court resulted in its default," because it must be assumed from the Ohio Supreme Court's silence as to the reasons for denying the claim that it did not "ignore its own procedural rules and . . . enforced the procedural bar" prohibiting review of claims that are "not raised in the underlying appellate proceeding") (citing *Simpson*, 94 F.3d at 203). In this case, petitioner appealed to the Ohio Supreme Court from Ohio Court of Appeals' denial of his direct appeal in Case Number C-110367. (*See* Doc. 5, Ex. 8, p. 1). Because petitioner's direct appeal failed to include the ineffective assistance of trial counsel claim, the Ohio Supreme Court was without jurisdiction to consider the claim and petitioner failed to fairly present the claim to the Ohio Supreme Court. Accordingly, the undersigned finds that petitioner's ineffective assistance of counsel claim is itself procedurally defaulted and therefore cannot serve as cause for his failure to present his grounds for relief to the Ohio Courts.

Finally, petitioner has not demonstrated that a fundamental miscarriage of justice will occur if his procedurally-defaulted claims for relief are not considered or, in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray*, 477 U.S. at 495-96. *See also Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). To establish a credible claim of actual innocence sufficient to excuse his procedural defaults, petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner must also show "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, including that evidence alleged "to have become available only after the trial." *Id.* at 327-28. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. The Court notes that actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). *See also Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). The actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Schlup*, 513 U.S. at 321.

Petitioner has failed to establish a credible claim of actual innocence under the *Schlup* standard. Although petitioner contends that he is innocent, he has not supported his allegations of constitutional error with any new evidence of actual innocence. Accordingly, the Court is unable to reach the merits of his claims. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316. Therefore, petitioner has not demonstrated that his procedural defaults should be excused under the "fundamental miscarriage of justice" exception.

Accordingly, in sum, the Court concludes that petitioner has procedurally defaulted his claims for relief by failing to present any of his claims to the Ohio courts. Because petitioner has not demonstrated "cause" for his procedural defaults or that a fundamental miscarriage of justice will occur if his claims are not considered by this Court, the undersigned concludes that

11

petitioner has waived his claims for federal habeas relief. Therefore, it is **RECOMMENDED** that respondent's motion to dismiss (Doc. 5) be **GRANTED** and petitioner's petition for a writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 5) be **GRANTED** and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[5]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 2/19/13

Karen L. Litkovitz
United States Magistrate Judge

---

[5] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of the defaulted grounds for relief. *See Slack*, 529 U.S. at 484.

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ROBERT PEAVIE,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:12-cv-14

Bertelsman, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

13

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Robert Peavie # 648-575
Chillicothe Corr. Inst.
PO Box 5500
Chillicothe, OH 45601

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☒ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7011 3500 0001 5345 5253

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540